**HARPER**

v.

**WATSON, Com'r of Patents.**

No. 11993.

United States Court of Appeals District of Columbia Circuit.

Argued April 13, 1954.

Decided June 17, 1954.

Petition for Rehearing Denied July 28, 1954.

Mr. Robert F. Davis, Washington, D. C., with whom Mr. Ellsworth H. Mosher, Washington, D. C., was on the brief, for appellant.

Mr. Joseph Schimmel, Atty., United States Patent Office, with whom Mr. E. L. Reynolds, Sol., United States Patent Office, was on the brief, for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

Upon rejection by the Patent Office of his application for a patent[1] appellant filed an action in the District Court under 35 U.S.C. § 145, formerly Rev.Stat. § 4915, as amended. After a full hearing, followed by the court's findings of fact and conclusions of law, the judgment appealed from was entered dismissing the complaint.

The invention is an apparatus for automatically dimming or lowering the beams of automobile headlights as one car approaches another traveling in the opposite direction. It is comprised of a fresnel type lens for collecting the light from approaching headlights, one or more photocells positioned behind the lens and surrounded by a collecting reflector, the purpose of the photocells being to convert the collected light into an electrical signal, and a relay placed in the usual headlight circuit arrangement to dim the headlights in response to the signal.

The District Court found that the prior art includes the Gillespie patent[2] showing the combination of a lens mounted on the front of an automobile to receive light from the headlights of an approaching vehicle, with a photoelectric cell positioned to receive the light collected by the lens and through

1. Serial No. 194,674 filed November 8, 1950.

2. No. 2,240,843, May 6, 1941.

the photocell operating circuit automatically dimming the headlights of the car on which the device is mounted. It found further that a fresnel type lens, among other uses in the prior art, had been used in combination with a photoelectric cell to measure light intensity.[3]

In view of the foregoing, none of which is controverted, we cannot say the District Court was clearly in error in finding that the differences between the prior art and the subject matter described in appellant's claims are such that the latter would have been obvious to a person having ordinary skill in the art, that his structure combines or aggregates features or elements old in the prior art and defines no new or patentable combination, and that the claims are unpatentable.

Affirmed.

---

**3.** First Addition, No. 46,869, to French Patent No. 788,385, August 4, 1936.